FIRST NATIONAL BANK OF BELLEVILLE, A CORPORATION, PLAINTIFF-APPELLEE, v. NATIONAL BOX AND LUMBER COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 16, 1926—Decided February 8, 1927.

**Corporations—Insolvency and Threatened Receivership—An Arrangement Made by Which Trustees Were Appointed and Defendant Gave a Bond in the Interest of the Other Creditors —Action on Bond Resulted in a Directed Verdict For Plaintiff—Judgment Affirmed.**

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *Schneider & Schneider (Jacob Schneider,* of counsel).

For the respondent, *Kessler & Kessler (Samuel I. Kessler,* of counsel).

PER CURIAM.

This was an action on a bond and resulted in a directed verdict for the plaintiff.

The Troy Realty Company was engaged in a building operation, and while financially embarrassed gave a mortgage for $11,000 to one Camarata; whereupon, five creditors, including the plaintiff, with claims aggregating $65,000, threatened bankruptcy and a receivership, claiming that the mortgage to Camarata was a subterfuge to give the defendant, National Box and Lumber Company, a preference for its claim.

Several conferences between the defendant and the objecting creditors culminated in an arrangement whereby three trustees were nominated to complete the operations of the realty company and liquidate its debts. As part of the arrangement a bond was given by the defendant to the plaintiff and the other creditors, the latter of whom assigned their interest to the plaintiff before this action was brought.

The bond contained several provisions as conditions precedent to any liability thereunder, as follows: (1) That creditors refrain from applying for a receivership, and that a creditors' committee be appointed; (2) that $11,000 due on mortgage be paid to Camarata; (3) that creditors shall not be paid in full their claims at windup of Troy Realty Company's affairs. The three above conditions were fulfilled.

The obligation or penalty of the bond was that the defendant pay a sufficient amount (not exceeding $5,000) "to make the percentage of loss, if any, sustained by the parties of the second part (the creditors) no greater than if the said party of the first part had not received the sum of $11,000 on the mortgage hereinabove mentioned, but had shared equally its proportionate loss together with the parties of the second part."

The defendant contends that there was error in the court's refusal to grant its motion for a directed verdict and in granting a like motion in plaintiff's behalf.

To this we deem it to be a sufficient answer to say that this contention is unsound, and that under the undisputed facts the verdict was properly directed for the plaintiff.

We find no error in the admission of evidence.

The judgments below will be affirmed, with costs.